OPINION
By WASHBURN, PJ.
This is an action for a declaratory judgment as to what use may *344 be made of certain lots in an allotment, and for solution depends upon the construction to be given documents containing a uniform plan of restrictions; and is before this court on appeal on questions of law.
The lots involved are Nos. 234 and 235.
The general restriction set forth in the deeds of all of the lots except these two is as follows:
“1. Merriman Hills Allotment shall be used for one family residence purposes only, and no building shall be erected or placed thereon of the kind, or to be used as an apartment or duplex house, terrace or flat, except lots 234 and 235, which may, at option of The Valley View Realty Company, be used for stpres and/or residences only.” (Emphasis ours.)
Said option of the common grantor was exercised in the deed to lots 234 and 235 by the following:
“The above deeded lots are to be used as business lots and permission is also given for living apartments to be constructed thereon subject to restrictions No. 3 and restrictions and limitations set out herein, and everything herein to be subject to the restrictions and laws and ordinances and rules of the city of Akron.” (Emphasis ours.)
The trial court found that lots Nos. 234 and 235 may be used “for living apartments, duplex houses, terraces or flats * * * or * * * a building * * * containing stores and residence apartments.”
In the deeds to all other lots in the allotment, lots Nos. 234 and 235 were specifically -excepted from the general restriction confining the use of lots to a building to be used for one-family residence purposes only, and prohibiting buildings to be used.as apartments, duplex houses, terraces or flats, and the common owner contracted with all such owners of lots that, as to lots Nos. 234 and 235 he would restrict their use to buildings to be used “for stores and/or residences only.”
Since the general restriction to one-family residence purposes only was not applicable to lots 234 and 235, if buildings to be used for “residences only” embrace buildings for living apartments to be occupied by more than one family, then such common owner carried out his contract with the owners of other lots.
As we understand it, the Supreme Court has determined that, where the right to enforce a restriction contained in the conveyance as to the use of the property conveyed is doubtful, all doubt should be resolved in favor of the free use thereof by the owner of the fee, and that a conveyance restricting the used of the property conveyed “for residence purposes, only,” but not specifically restricting it to a single residence, permits its use not only by one family but by a number of families in apartments.
It seems probable that, in preparing this plan, the words “for stores and/or residénces only” re-lading to the permitted uses of lots-234 and 235, were used with a full knowledge of the decisions of the-courts of Ohio on the subject.
In our judgment, the common owner in restricting the use of lots 234 and 235 to “business” and to “living apartments,” carried out his contract with the other lot owners, and we agree with the trial court in its construction of such restrictions.
Judgment affirmed.
DOYLE, J., & STEVENS, J., concur..